**PORTLAND MAIN OFFICE**
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
(503) 727-1000
*www.usdoj.gov/usao/or*

**Mira Chernick**
Assistant U.S. Attorney
mira.chernick@usdoj.gov
(503) 727-1000
*Reply to Portland Office*



**U.S. DEPARTMENT OF JUSTICE**
United States Attorney's Office
District of Oregon
Scott E. Bradford
United States Attorney

**EUGENE BRANCH**
405 E 8th Avenue, Suite 2400
Eugene, Oregon 97401
(541) 465-6771

**MEDFORD BRANCH**
310 West Sixth Street
Medford, Oregon 97501
(541) 776-3564

May 26, 2026

Kobin Patterson
Noel Grefenson, PC
1415 Liberty St. SE
Salem, Oregon 97302

> Re:    *United States v. Jacob Michael Lewis*, Case No. 24-cr-00223-SI
> Plea Agreement Letter

Dear Counsel:

This letter will set forth the government's plea offer in this case.

1.    **Parties/Scope**: This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority. This agreement does not apply to any charges other than those specifically mentioned herein.

2.    **Charges**: Defendant will plead guilty to Count 2 of the Indictment, charging him with Sexual Exploitation of a Minor and Attempt in violation of Title 18, United States Code, Section 2251(a), and Count 6 of the Indictment, charging him with Possession of Child Pornography in violation of Title 18, United States Code, Section 2252A(a)(5)(B).

Additionally, defendant will plead guilty in Washington County Circuit Court Case Number 22CR44981 to one count of Sex Abuse I.

3.    **Penalties**: The maximum sentence for Count 2 is a mandatory minimum of fifteen years imprisonment and a maximum of thirty years imprisonment, a fine of $250,000, a term of supervised release of at least five years up to life, and a $100 fee assessment. The maximum sentence for Count 6 is twenty years imprisonment, a fine of $250,000, a term of supervised release of at least five years up to life, and a $100 fee assessment.

Under 18 U.S.C. § 3014(a), both counts carry an additional $5,000 fee assessment for non-indigent persons. Defendants represented by appointed counsel may still be considered non-

Kobin Patterson
Re: Lewis Plea Agreement Letter
Page 2
May 26, 2026

indigent for purposes of this fee assessment. Defendant may also be required to pay restitution to any victim of the offenses to which he is pleading guilty. Defendant agrees to pay all fee assessments on the day of sentencing. Defendant further stipulates to the forfeiture of assets as set forth below. Defendant understands that if a mandatory minimum sentence is required, this may restrict the application of downward departures, adjustments, and variances in some cases.

**Notice of Immigration Consequences:** Defendant understands that pleading guilty to the charges in this plea agreement may have immigration consequences if defendant is not a United States citizen, including removal from the United States, denial citizenship, and denial of admission to the United States in the future. Furthermore, if any crime of conviction is an aggravated felony as defined in 8 U.S.C. § 1101(a)(43), such conviction makes it practically inevitable and a virtual certainty that the defendant will be removed or deported from the United States. Defendant acknowledges and agrees that defendant's attorney has explained this and that defendant still wants to plead guilty.

4.      **Sex Offender Registration:** Defendant understands that under the federal Sex Offender Registration and Notification Act, he must register as a sex offender and keep the registration current in any state or tribal territory in which he resides, is employed, or is a student. Defendant understands that he must update his registration not later than three business days following any change of name, residence, employment, or student status. Even if no such changes occur, defendant must periodically appear in person at a sex offender registration facility to be photographed and verify his information in the registry. How frequently defendant must appear in person depends on the severity of the offense that made defendant a sex offender, and could be as frequently as every three months. See 34 U.S.C. § 20918. Defendant must also notify the local sex offender registry of any plans to travel internationally prior to any such travel. Defendant understands that failure to comply with these obligations may subject him to prosecution under federal and/or state law for failing to register or update his registration as a sex offender, or failing to provide notice of international travel as required.

5.      **Dismissal/No Additional Prosecution:** The USAO will move at the time of sentencing to dismiss any remaining counts against defendant. The USAO further agrees not to bring additional charges against defendant in the District of Oregon arising out of this investigation, known to the USAO at the time of this agreement.

6.      **Elements and Factual Basis:** In order for defendant to be found guilty of Count 2 of the Indictment, the government must prove the following elements beyond a reasonable doubt:

First, on or about the date listed in the Indictment, in the District of Oregon, defendant employed, used, persuaded, induced, enticed or coerced the victim to take part in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, or attempted to do so;

Kobin Patterson
Re: Lewis Plea Agreement Letter
Page 3
May 26, 2026

Second, at the time, the victim was a minor; and

Third, defendant knew or had reason to know that the visual depiction would be transported across state lines or in foreign commerce.

In order for defendant to be found guilty of Count 6 of the Indictment, the government must prove the following elements beyond a reasonable doubt:

First, on or about the date listed in the Indictment, in the District of Oregon, defendant knowingly possessed material;

Second, defendant knew the material contained child pornography;

Third, the child pornography depicted a prepubescent minor or a minor who had not achieved 12 years of age; and

Fourth, the child pornography had been shipped or transported using any means or facility of interstate or foreign commerce, or in or affecting interstate or foreign commerce by any means, including by computer, or was produced using materials that had been shipped or transported in or affecting interstate or foreign commerce by any means, including by computer.

Defendant has fully discussed the facts of this case and any potential defenses with defense counsel. Defendant has committed each of the elements of the crime to which defendant is pleading guilty and admits there is a factual basis for defendant's guilty plea. Defendant agrees that the government can establish each of the following facts beyond a reasonable doubt:

Between April of 2018 and October of 2020, defendant placed hidden cameras in the bedroom and bathroom of Minor Victim 1 (MV1), who was between thirteen and fifteen years old during that time. Defendant edited many of the images he captured to focus on MV1's naked pubic area and genitals. On or about April 27, 2018, a hidden camera placed by defendant near the ceiling of MV1's bedroom recorded a video of MV1, naked from the waist down, with her pubic area and genitals exposed. Defendant saved the video to an ELUTENG brand hard drive, which was manufactured outside of Oregon. Defendant also saved a series of screenshots from the video to the hard drive.

On September 15, 2022, investigators executed a search warrant of defendant's house and seized the ELUTENG hard drive. In addition to the images of MV1, investigators found over 1600 images and videos of child pornography, including images depicting the sexual penetration of infants and toddler and the sadomasochistic torture of toddlers and prepubescent children. Additional files found on the hard drive showed that it was used by defendant.

Kobin Patterson
Re: Lewis Plea Agreement Letter
Page 4
May 26, 2026

7.     **Sentencing Factors**: The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a). Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

8.     **Guideline Application**: The parties agree that defendant's relevant conduct, as defined in U.S.S.G. § 1B1.3, includes all the unlawful conduct alleged in the Indictment. The parties agree that the following guideline calculations presently apply:

*Count 2*

    a.  Pursuant to USSG §2G2.1, the base offense level is 32;

    b.  Pursuant to USSG §2G2.1(b)(1)(B), defendant's offense level is increased by 2 levels because the offense involved a minor who had attained the age of twelve years but had not attained the age of sixteen years;

    c.  Pursuant to USSG §2G2.1(b)(5), defendant's offense level is increased by 2 levels because he was a parent, relative, or legal guardian of the minor involved in the offense, or the minor was otherwise in the custody, care, or supervisory control of the defendant.

*Count 6*

    a.  Pursuant to USSG §2G2.2(a)(1), the base offense level is 18;

    b.  Pursuant to USSG §2G2.2(b)(2), defendant's offense level is increased by 2 levels because the material involved a prepubescent minor or a minor who had not attained the age of 12 years;

    c.  Pursuant to USSG §2G2.2(b)(4), defendant's offense level is increased by 4 levels because the offense involved material that portrays sadistic or masochistic conduct and the sexual abuse or exploitation of an infant or toddler;

    d.  Pursuant to USSG §2G2.2(b)(5), defendant's offense level is increased by 5 levels because the defendant engaged in a pattern of activity involving the sexual abuse or exploitation of a minor;

    e.  Pursuant to USSG §2G2.2(b)(6), defendant's offense level is increased by 2 levels because the offense involved the use of a computer;

Kobin Patterson
Re: Lewis Plea Agreement Letter
Page 5
May 26, 2026

    f.   Pursuant to USSG §2G2.2(b)(7)(D), defendant's offense level is increased by 5 levels because the offense involved more than 600 images.

*Total Offense Level*

    a.   Pursuant to USSG §3D1.4, defendant's offense level is increased by 2 levels to reflect the multiple counts of conviction;

    b.   Pursuant to USSG §4B1.5(b), defendant's offense level is increased by 5 levels because he engaged in a pattern of activity involving prohibited sexual conduct;

    c.   The parties agree that following an adjustment for acceptance of responsibility as described in Paragraph 9, defendant's total offense level is 40.

    d.   The parties estimate, but do not stipulate, that defendant's criminal history places him in Criminal History Category I. Defendant understands that this is an estimate only.

9.     **Acceptance of Responsibility**: Defendant must demonstrate to the Court that defendant fully admits and accepts responsibility under USSG § 3E1.1 for defendant's unlawful conduct in this case. If defendant does so, the USAO will recommend a three-level reduction in defendant's offense level. The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in USSG § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in USSG § 3E1.1.

10.    **Sentencing Recommendation**: The government will recommend a sentence of 264 months. Defendant may recommend a sentence of no less than 180 months, which defendant agrees is the mandatory minimum in this case.

11.    **Additional Departures, Adjustments, or Variances**: The USAO agrees not to seek any upward departures, adjustments, or variances to the advisory sentencing guideline range, or to seek a sentence above that range, except as specified in this agreement.

12.    **Waiver of Appeal/Post-Conviction Relief**: Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that the sentence imposed exceeds the statutory maximum. Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided 18 U.S.C. § 3582(c)(2). In the event

Kobin Patterson
Re: Lewis Plea Agreement Letter
Page 6
May 26, 2026

that defendant's convictions or sentence under this agreement are vacated, the government may reinstate and/or file any other charges, and may take any position at a resentencing hearing, notwithstanding any other provision in this agreement.

13.    **Court Not Bound**:  The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer.  Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

14.    **Full Disclosure/Reservation of Rights**:  The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case.  Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

15.    **Breach of Plea Agreement**:  If defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

If defendant believes that the government has breached the plea agreement, defendant must raise any such claim before the district court, either prior to or at sentencing.  If defendant fails to raise a breach claim in district court, defendant has waived any such claim and is precluded from raising a breach claim for the first time on appeal.

16.    **Restitution**:  The Court shall order restitution to the victims in the full amount of their losses as determined by the Court, which will be no less than $3,000 per victim.  Defendant agrees to pay restitution for all losses proximately caused by defendant's conduct.

Defendant agrees to fully disclose all assets in which defendant has any interest or over which defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or third party.  Defendant agrees to truthfully complete the Financial Disclosure Statement provided herein by the earlier of fourteen days from defendant's signature on this plea agreement or the date of defendant's entry of a guilty plea, sign it under penalty of perjury, and provide it to both the USAO and the United States Probation Office.  Defendant agrees to provide updates with any material changes in circumstances, as described in 18 U.S.C. § 3664(k), within seven days of the event giving rise to the changed circumstances.

Defendant expressly authorizes the USAO to obtain a credit report on defendant. Defendant agrees to provide waivers, consents, or releases requested by the USAO to access records to verify the financial information.  Defendant also authorizes the USAO to inspect and copy all financial documents and information held by the U.S. Probation Office.

Kobin Patterson
Re: Lewis Plea Agreement Letter
Page 7
May 26, 2026

The parties agree that defendant's failure to timely and accurately complete and sign the Financial Disclosure Statement, and any update thereto, may, in addition to any other penalty or remedy, constitute defendant's failure to accept responsibility under USSG § 3E1.1.

Defendant agrees to submit to examination under oath and/or a polygraph examination by an examiner selected by the USAO, on the issue of defendant's financial disclosures and assets.

Defendant understands and agrees that the total amount of any monetary judgment that the Court orders defendant to pay will be due. Defendant further understands and agrees that pursuant to 18 U.S.C. § 3614, defendant may be resentenced to any sentence which might have originally been imposed if the court determines that defendant has knowingly and willfully refused to pay a fine or restitution as ordered or has failed to make sufficient bona fide efforts to pay a fine or restitution. Additionally, defendant understands and agrees that the government may enforce collection of any fine or restitution imposed in this case pursuant to 18 U.S.C. §§ 3572, 3613, and 3664(m), notwithstanding any initial or subsequently modified payment schedule set by the court. Defendant understands that any monetary debt defendant owes related to this matter may be included in the Treasury Offset Program to potentially offset defendant's federal retirement benefits, tax refunds, and other federal benefits.

Pursuant to 18 U.S.C. § 3612(b)(1)(F), defendant understands and agrees that until a fine or restitution order is paid in full, defendant must notify the USAO of any change in the mailing address or residence address within 30 days of the change. Further, pursuant to 18 U.S.C. § 3664(k), defendant shall notify the Court and the USAO of any material change in defendant's economic circumstances that might affect defendant's ability to pay restitution, including, but not limited to, new or changed employment, increases in income, inheritances, monetary gifts, or any other acquisition of assets or money.

**Transfer of Assets**
Defendant agrees to notify the Financial Litigation Unit of the USAO before defendant transfers any interest in property with a value exceeding $1000 owned directly or indirectly, individually or jointly, by defendant, including any interest held or owned under any name, including trusts, partnerships, and corporations.

**Advance Payment on Judgment**
Defendant agrees to deliver a certified check or money order to the Clerk's Office in the amount of $3,000, payable to the "Clerk, U.S. District Court," to be deposited into the court registry until the date of sentencing and, thereafter, to be applied to satisfy the financial obligations of defendant, pursuant to the judgment of the Court.

Kobin Patterson
Re: Lewis Plea Agreement Letter
Page 8
May 26, 2026

17. **Use of Plea-Related Statements**: Except under circumstances where the Court, acting on its own, fails to accept this agreement, defendant agrees that, upon defendant's signing of this agreement, the facts that defendant has admitted under this plea agreement as set forth above, as well as any facts to which defendant admits in open court at defendant's plea hearing, shall be admissible against defendant under Fed. R. Evid. 801(d)(2)(A) in any subsequent proceeding, including a criminal trial, and defendant expressly waives defendant's rights under Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410 regarding the facts defendant admits in conjunction with this plea agreement.

18. **Forfeiture Terms**:

A. **Assets and Authority**: By signing this agreement, defendant knowingly and voluntarily forfeits all right, title, and interest in and to all assets which are subject to forfeiture pursuant to 18 U.S.C. § 2253, including those items identified in a Bill of Particulars for Forfeiture of Property previously filed by the government in this case, which defendant admits were used to facilitate defendant's criminal activity in violation of 18 U.S.C. §§ 2251 and 2252A(a)(5)(B) as set forth in Counts 2 and 6 of the Indictment.

B. **Agreement to Civil Forfeiture**: Defendant agrees not to file a claim or withdraw any claim already filed to any of the listed property in any civil proceeding, administrative or judicial, which may be initiated. Defendant further waives the right to notice of any forfeiture proceeding involving this property and agrees not to assist others in filing a claim in any forfeiture proceeding.

C. **No Alteration or Satisfaction**: Defendant knowingly and voluntarily waives the right to a jury trial on the forfeiture of assets. Defendant knowingly and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of these assets, including any claim or defense under the Eighth Amendment to the United States Constitution, and any rights under Rule 32.2 of the Federal Rules of Criminal Procedure. Defendant further agrees forfeiture of defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon defendant in addition to forfeiture.

D. **Title Assistance**: Defendant agrees to fully assist the USAO in the forfeiture of the listed assets and to take whatever steps are necessary to pass clear title to the United States, including but not limited to surrender of title and execution of any documents necessary to transfer defendant's interest in any of the above property to the United States, and assist in bringing any assets located outside the United States within the jurisdiction of the United States, and taking whatever steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden, or otherwise made unavailable for forfeiture.

Kobin Patterson
Re: Lewis Plea Agreement Letter
Page 9
May 26, 2026

E.  **Assets Not Identified**: The USAO reserves its right to proceed against any remaining assets not identified either in this agreement or in the civil actions which are being resolved along with this plea of guilty, including any property in which defendant has any interest or control, if said assets, real or personal, tangible or intangible, are subject to forfeiture.

F.  **Final Order of Forfeiture**: Defendant agrees not to contest entry of a Final Order of Forfeiture reflecting these forfeiture terms at the conclusion of the criminal case.

19.  **Memorialization of Agreement**: No promises, agreements, or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court. If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

Sincerely,

SCOTT E. BRADFORD
United States Attorney

/s/ *Mira Chernick*
MIRA CHERNICK
Assistant United States Attorney

I have carefully reviewed every part of this agreement with my attorney. I understand and voluntarily agree to its terms. I expressly waive my rights to appeal as outlined in this agreement. I wish to plead guilty because, in fact, I am guilty.

6/17/26
Date

Jacob Michael Lewis, Defendant

I represent the defendant as legal counsel. I have carefully reviewed every part of this agreement with defendant. To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

6/17/26
Date

Kobin Patterson, Attorney for Defendant