Kobin Patterson
Noel Grefenson PC
3265 Liberty Rd. S.
Salem, Oregon 97302
(503) 371-1700
kobinpatterson@gmail.com

Attorney for Defendant Jacob Michael Lewis

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

**Portland Division**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JACOB MICHAEL LEWIS<br><br>Defendant | Case No.: 3:24-cr-00223-SI<br><br>DEFENDANT'S SENTENCING MEMORANDUM |

Kobin Patterson, counsel for defendant Jacob Michael Lewis, submits the following sentencing memorandum for the Court's consideration. At sentencing, Mr. Lewis will request that the Court sentence him to 180-months prison followed by 5 years of supervised release.

The request for the above sentence finds support in Mr. Lewis' complete lack of criminal history prior to his offense conduct, the loss of approximately 2 years of credit for time served due to the government's delay in prosecuting this case, trauma suffered by Mr. Lewis during his childhood and because a 180-month sentence is commensurate with sentences received by similarly situated defendants.



Kobin Patterson
Noel Grefenson PC
3265 Liberty Rd. S.
Salem, Oregon 97302
(503) 371-1700
kobinpatterson@gmail.com

## I

## Background

From April 2018 through October 2020, Mr. Lewis concealed cameras in the bedroom and bathroom of Minor Victim 1 (MV1), who was thirteen to fifteen years old during that period. Mr. Lewis altered numerous images obtained from those cameras to emphasize MV1's exposed pubic area and genitals. One recording, obtained on or about April 27, 2018, by a camera Mr. Lewis had positioned near the bedroom ceiling, showed MV1 unclothed below the waist, with her pubic area and genitals visible. Mr. Lewis stored that recording, along with several screenshots taken from it, on an ELUTENG-brand hard drive manufactured outside Oregon.

On September 15, 2022, investigators recovered the ELUTENG hard drive while executing a search warrant at Mr. Lewis' residence. Nearly two years later, their examination revealed, in addition to the material depicting MV1, more than 1,600 images and videos of child pornography. That collection included depictions of sexual penetration involving infants and toddlers, as well as sadomasochistic abuse of toddlers and prepubescent children. Other files located on that drive established that it was used by Mr. Lewis.

## II

## Plea Agreement and Presentence Report (PSR)

On August 12, 2026, Mr. Lewis entered guilty pleas to Counts 2 and 6 of the Indictment pursuant to a global plea agreement which will resolve this case and charges of first-degree sexual abuse (Counts 1 and 2) and second-degree unlawful sexual penetration (Count 3), pending against him in Washington County case number 22CR44981. The plea agreement permits Mr. Lewis to argue for a prison sentence of no less than 180 months, which is the statutory minimum sentence required for Count 2. The government will seek a sentence of 264 months in prison which equates



Kobin Patterson
Noel Grefenson PC
3265 Liberty Rd. S.
Salem, Oregon 97302
(503) 371-1700
kobinpatterson@gmail.com

to a mid-range sentence at Offense Level 38, Criminal History Category I.

The plea agreement does not address the government's position on concurrent or consecutive federal and state sentences although Washington County has agreed to recommend a concurrent state prison sentence of 75 months upon his entry of a guilty plea to one of the three counts pending in Washington County.

On September 3, 2026, Mr. Lewis participated in an interview with U.S. Probation. Counsel and Mr. Lewis have personally met to review and discuss his PSR, including the proposed conditions of his supervised release. With the exception of a single recommended condition of supervised release discussed below, the defense has no objections to the PSR and agrees it accurately describes Mr. Lewis' offense conduct, lack of criminal history and the personal characteristics and other information this Court should consider at sentencing.

At sentencing, Mr. Lewis will waive the formal reading of the proposed mandatory, general and special conditions of his supervised release by the Court. Mr. Lewis does object to special condition #10, "you must submit to periodic polygraph testing at the discretion of the probation officer as a means to ensure that you are in compliance with the requirements of your supervision or treatment program," but otherwise consents to the remaining conditions.

The parties and probation agree that Mr. Lewis has 0 criminal history points which places him in Criminal History Category I. The PSR accurately calculates Mr. Lewis' total offense level as follows:

| **Count 2: 18 U.S.C. § 2251(a), (e) – Sexual Exploitation of Children and Attempt** | | |
|---|---|---|
| USSG §2G2.1(a) | Base Offense Level | 32 |
| USSG §2G2.1(b)(1)(B) | Minor between ages 12 and 16 | +2 |
| USSG §2G1.2(b)(5) | Parent or legal guardian of minor | +2 |
| | Adjusted Offense Level | 36 |



Kobin Patterson
Noel Grefenson PC
3265 Liberty Rd. S.
Salem, Oregon 97302
(503) 371-1700
kobinpatterson@gmail.com

| **Count 6: 18 U.S.C. § 2252A(a)(5)(B) – Possession of Child Pornography** | | |
|---|---|---|
| USSG §2G2.2 | Base Offense Level | 18 |
| USSG §2G2.2(b)(2) | Prepubescent minor | +2 |
| USSG §2G2.2(b)(4) | Sadomasochistic | +4 |
| USSG §2G2.2(b)(5) | Patterson of activity involving abuse | +5 |
| USSG §2G2.2(b)(6) | Use of a computer | +2 |
| USSG §2G2.2(b)(7)(D) | 600 or more images | +5 |
| | Adjusted Offense Level | 36 |

| **Counts 2 and 6 Combined Adjustments** | | |
|---|---|---|
| USSG §4B1.5(b) | Repeat and Dangerous Sex Offender | +5 |
| USSG §3E1.1(a) | Acceptance of Responsibility | -2 |
| USSG §3E1.1(b) | Acceptance of Responsibility | -1 |
| | **Total Offense Level** | **38** |

At Criminal History Category I and Offense Level 38, Mr. Lewis' guidelines range is 235-293 months imprisonment. As stated, pursuant to 18 U.S.C. § 2251(e), Count 2 carries a 15-year minimum sentence. U.S. Probation joins the government's recommendation for a 264 month prison sentence.

## III

## DEFENSE SENTENCING RECOMMENDATION

This Court's "overarching statutory charge . . . is to impose a sentence sufficient, but not greater than necessary to reflect the seriousness of the offense, promote respect for the law, and provide just punishment; to afford adequate deterrence; and to protect the public." *United States v. Lizarras-Chacon*, 14 F.4th 961, 966 (9th Cir. 2021). Although the Court must calculate the guideline range which applies to a defendant's offense, the guidelines are advisory, and their range is not presumed reasonable. A court need not find "extraordinary circumstances" in order to impose a variance sentence outside of the advisory guidelines range, because the guidelines are but one of several § 3553(a) factors to consider when determining an appropriate sentence. *United States v. Booker*, 543 US 220 (2005).



Kobin Patterson
Noel Grefenson PC
3265 Liberty Rd. S.
Salem, Oregon 97302
(503) 371-1700
kobinpatterson@gmail.com

The Supreme Court has recognized that a court's analysis of the § 3553(a) factors should consider a defendant's post-sentencing and post-offense rehabilitation. *See Pepper v. United States*, 562 U.S. 476, 480 (2011). In *Pepper*, the Supreme Court emphasized that the "punishment should fit the offender and not merely the crime" and that a sentencing court should use "the fullest information possible concerning the defendant's life and characteristics" to fashion an appropriate sentence, including post-sentencing and post-offense rehabilitation. 562 U.S. at 487-88.

Mr. Lewis asks the Court to impose a sentence of 180-months in the Bureau of Prisons concurrent to his anticipated sentence in Washington County Circuit Court Case Number 22CR44981. This sentence equates to a mid-range sentence at Offense Level 35, following a 3-level variance pursuant to 18 U.S.C. 3553(a). For the following reasons, an 180 month prison sentence constitutes a sentence that is sufficient to satisfy the sentencing considerations required by §3553(a).

**(a) Delay in prosecution has caused Mr. Lewis to lose credit for time served.**

Mr. Lewis' federal offense conduct and prosecution in this case materialized following his arrest for the offenses alleged in Washington County Circuit Court Case Number 22CR44891. That arrest occurred on September 15, 2022, after investigators searched his home and seized various electronic devices, some of which contained the evidence used in this prosecution. Although agents retained these electronic devices they failed to search them until February 2024, and only then recovered the evidence that prompted this federal prosecution. Mr. Lewis was indicted in this case on June 5, 2024, and made his initial appearance by writ on September 9, 2024. He has since been detained at Sheridan FDC.

As noted, following sentencing in this case, Mr. Lewis will return to Washington County to plead guilty and receive a concurrent 75 month state prison sentence. Although Mr. Lewis will



Kobin Patterson
Noel Grefenson PC
3265 Liberty Rd. S.
Salem, Oregon 97302
(503) 371-1700
kobinpatterson@gmail.com

receive the 24 months credit for time served mentioned above toward his state sentence, the Federal Bureau of Prisons will not credit that time towards the federal sentences imposed by this Court.

18 U.S.C. § 3585(b) provides:

> Credit for Prior Custody.—A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> *that has not been credited against another sentence.*

(Emphasis added). Because Mr. Lewis' federal sentences will be significantly greater than his 75 month state sentence, crediting his time served before his initial appearance against the state sentence will result in no reduction of his combined sentences. The delay in processing the seized evidence which was the genesis for this federal prosecution was entirely out of Mr. Lewis' control. That delay results in a significant additional term of incarceration if not accounted for at sentencing in this matter.

USSG §5G1.3(d), Application Note 4 (E) provides this court with discretion to adjust a sentence to account for this scenario but suggests that a Court characterize such a reduction through reference to a § 3553(a) variance: [1]

> (E) Imposition of Sentence—Unlike subsection (b), subsection (d) does not address an adjustment of the sentence of the instant offense for a period of imprisonment already served on the undischarged term of imprisonment. If the court does account for an undischarged term of imprisonment under subsection (d) in imposing the sentence, the Commission recommends that the court clearly state that the sentence was imposed pursuant to 18 U.S.C. § 3553(a), rather than as a credit for time served, to avoid confusion with the Federal Bureau of Prisons' exclusive authority provided under 18 U.S.C. § 3585(b) to grant credit for time served under certain circumstances.

[1] Although this application note contemplates an undischarged term of imprisonment rather than an anticipated term of imprisonment, the concern – capture of lost credit for time served – is the same.



Kobin Patterson
Noel Grefenson PC
3265 Liberty Rd. S.
Salem, Oregon 97302
(503) 371-1700
kobinpatterson@gmail.com

Mr. Lewis respectfully requests that the Court take this delay in his prosecution and impact on his credit for time served into account as part justification for the total variance he seeks pursuant to 18 U.S.C. § 3553(a). This request accounts for nearly one-half of the three-level/55 month variance contemplated in the defense sentence recommendation.

**(b) Age upon release from custody.**

At sentencing, Mr. Lewis will stand before the Court as a 51-year-old man with zero criminal history. While his crimes are extremely serious and undeniably egregious, he has led a crime-free existence to a relatively advanced age. If the Court agrees to sentence Mr. Lewis to serve 180 months in prison, he will be around 62 years old upon release.[2] Conversely, if the Court adopts the recommendations of the government and U.S. Probation, Mr. Lewis will be around 68 years old upon release.[3] There is little doubt that one's remaining years become progressively precious as we age and the six additional years at issue will be increasingly significant to Mr. Lewis. In 2024, Mr. Lewis' divorce was finalized. He essentially has nothing left to his name. Six additional working years will be incredibly important for Mr. Lewis to reassimilate into society and establish some measure of economic stability before he is no longer able to work.

**(c) Mr. Lewis' childhood trauma.**

While Mr. Lewis did not score particularly high on the ACEs questionnaire, he did experience difficulties in his youth which no doubt impacted his life trajectory and is likely a factor in his offense conduct. Most notably, Mr. Lewis was subjected to sexual abuse as a minor at the hands of his girlfriend's mother and his babysitter. (PSR ¶ 102).

Additionally, around the age of 13, Mr. Lewis began witnessing his mother's mental

---

[2] 180 months – 26 months (time served) – 27 months (54 days per year sentenced divided by 30) = 10.75 years.
[3] 264 months – 26 months (time served) – 39.6 months (54 days per year sentenced divided by 30 = 16.5 years



Kobin Patterson
Noel Grefenson PC
3265 Liberty Rd. S.
Salem, Oregon 97302
(503) 371-1700
kobinpatterson@gmail.com

decline. (PSR ¶¶ 103-104). This began with Mr. Lewis noticing odd behaviors from his mother and eventually devolved into his mother's commitment to a psychiatric hospital diagnosed with bipolar disorder and schizophrenia by the time Mr. Lewis was 16. (Id.). Mr. Lewis' mother frequently used alcohol as a form of "self-medication" during this timeframe. Eventually, Mr. Lewis dropped out of high school and joined the Navy. (PSR ¶ 105).

**(d) Judiciary Sentencing Information**

According to the Judiciary Sentencing Information, the average length of imprisonment for similarly situated individuals within the last 5 years is 204 months in prison. That is 5 years below the request of the government and would create a sentencing disparity should the Court entertain the recommendations of US Probation and the government. Alternatively, should the Court entertain the average length of sentence imposed and the credit for time served for Mr. Lewis, that calculus comes out to the exact sentence proposed by Mr. Lewis—180-months.

**(e) Concurrently imposed sentence.**

USSG §5G1.3(d) provides the Court with considerable discretion to arrive at a reasonable sentence where a consecutive sentence is available. Application Note 4 states:

> (A) In General—Under subsection (d), the court may impose a sentence concurrently, partially concurrently, or consecutively to the undischarged term of imprisonment. In order to achieve a reasonable incremental punishment for the instant offense and avoid unwarranted disparity, the court should consider the following:
>
> (i) the factors set forth in 18 U.S.C. § 3584 (referencing 18 U.S.C. § 3553(a));
>
> (ii) the type (e.g., determinate, indeterminate/parolable) and length of the prior undischarged sentence;
>
> (iii) the time served on the undischarged sentence and the time likely to be served before release;



Kobin Patterson
Noel Grefenson PC
3265 Liberty Rd. S.
Salem, Oregon 97302
(503) 371-1700
kobinpatterson@gmail.com

(iv) the fact that the prior undischarged sentence may have been imposed in state court rather than federal court, or at a different time before the same or different federal court; and

(v) any other circumstance relevant to the determination of an appropriate sentence for the instant offense.

As discussed, it is anticipated that Washington County will impose Mr. Lewis' 75 month state prison sentence concurrently to his federal sentence. As noted in the plea agreement and the PSR, the Washington County conduct was already relied upon to increase Mr. Lewis' offense level by 5 points on two separate occasions. (PSR ¶¶ 74, 83). U.S. Probation justified the recommendation for a 5-level increase pursuant to USSG §4B1.5(b)(1) and USSG §2.2(b)(5) through reference to the hands-on offense pending in Washington County. This 5-level increase amounts to a term of incarceration that is greater than the 75-month state sentence itself. It would be unfair to both increase Mr. Lewis' federal sentence and make that sentence consecutive to the anticipated state sentence. For that reason, Mr. Lewis requests the Court exercise its discretion and order that his sentence imposed in this case be served concurrently with the sentence imposed in Washington County.

IV.

CONCLUSION

Mr. Lewis thanks the Court for taking the time to consider the above points and authorities. Mr. Lewis and his counsel will happily address any of the Court's questions at the time of sentencing.

Dated: November 11, 2026.

/s/ Kobin Patterson

Kobin Patterson, OSB No. 171309
Attorney for Defendant Jacob Michael Lewis



Kobin Patterson
Noel Grefenson PC
3265 Liberty Rd. S.
Salem, Oregon 97302
(503) 371-1700
kobinpatterson@gmail.com